UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LANDERS,

    Petitioner,

    v.      CAUSE NO.: 3:24-CV-526-TLS-APR

WARDEN,

    Respondent.

**OPINION AND ORDER**

Michael Landers, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision at the Vigo County Community Corrections in which a disciplinary hearing officer (DHO) found him guilty of failing to comply with a condition of temporary leave in violation of Indiana Department of Correction Offense 120. Following a hearing, he was sanctioned with recission of his sentence modification. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Significantly, Landers has already initiated a habeas case challenging this disciplinary decision in Case No. 1:23-CV-2169 (S.D. Ind. filed Nov. 30, 2023), and that case remains pending. "The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (cleaned up). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (cleaned up). Because the focus of this habeas case is on the

same disciplinary proceeding against the same party based on similar claims for the same relief that Landers is already pursuing in another case, this case is dismissed as duplicative.

With a fuller understanding of this case, the Court now turns to Landers' request for counsel. ECF No. 2. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Though this case remains in the early stages, his filings in this habeas case demonstrate his ability to read, write, and articulate the facts of his case and to adequately prepare petitions and motions. Moreover, while habeas cases tend to be complex, the Court does not perceive that assistance of counsel would have resulted in a different outcome in this habeas case. As detailed above, this habeas case is duplicative of Case No. 1:23-CV-2169, and there is no apparent way for him to overcome that deficiency as long as Case No. 1:23-CV-2169 remains pending. Consequently, the request for counsel is denied.

If Landers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) DENIES the request for counsel [ECF No. 2];

(2) DISMISSES this case because it is duplicative of another pending case;

(3) DIRECTS the Clerk of Court to enter judgment and close this case; and

(4) DENIES Michael Landers leave to proceed in forma pauperis on appeal.

SO ORDERED on July 12, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
